# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

JORBERT BENJAMIN POLTY,

Plaintiff,

v.

MELISA GOLDSTEIN, et al.,

Defendants.

Case No. 3:26-cv-000157-SLG

## ORDER OF DISMISSAL

On April 10, 2026, self-represented prisoner Jorbert Benjamin Polty ("Plaintiff") filed this case against Melisa Goldstein and the Public Defender Agency.[1] Plaintiff alleges that Attorney Goldstein was appointed to represent him in his ongoing state court criminal proceedings but has failed to communicate with him for several weeks.[2] The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or

---

[1] Docket 1.

[2] Docket 1 at 4.

officer or employee of a governmental entity.[3]  In this screening, a district court shall dismiss a complaint at any time if the court determines that the complaint:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[4]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[5] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[6]

### DISCUSSION

Plaintiff's claims against Attorney Goldstein and the Public Defender Agency cannot proceed in a civil rights action under Section 1983 because criminal defense attorneys, whether retained or appointed, do not act under color of state law when performing their traditional functions as defense counsel.[7] To the extent

---

[3] 28 U.S.C. §§ 1915, 1915A.

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[6]*Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[7] *Miranda v. Clark County, Nevada,* 319 F.3d 465 (2003). *See also Polk County v. Dodson*,

Plaintiff seeks to pursue an ineffective assistance of counsel claim against Attorney Goldstein or obtain new counsel in his state criminal case, such claims must be raised in his state criminal case, or through a petition for post-conviction relief in the state court, or on a petition for habeas corpus in this Court but only after all available state court remedies have been exhausted. A claim of ineffective assistance of counsel or request for a new defense attorney cannot be brought in a civil rights action.

Similarly, to the extent Plaintiff seeks to bring a claim for intentional infliction of emotional distress or legal malpractice, such claims arise under state law and must typically proceed in state court. A state law claim may only proceed in federal court if the claim is supplemental to a cognizable federal claim,[8] of which there are none in this case, or if the federal court has diversity jurisdiction over the case, which requires that the plaintiff be a citizen of a different state than all the defendants, and that the amount in controversy exceeds $75,000.[9] Here, neither requirement is met. For the foregoing reasons, Plaintiff's claims must be dismissed. Because amendment would be futile, this case is dismissed without leave to amend.[10] This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g),

---

454 U.S. 312, 325 (1981) (holding that "a public defender does not act under 'color of state law,' within meaning of Civil Rights Act, when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

[8] *See* 28 U.S.C. § 1367.

[9] *See* 28 U.S.C. § 1332(a).

[10] *Huffman v. Lindgren,* 81 F.4th 1016 (9th Cir. 2023) (affirming dismissal without leave to

Case No. 3:26-cv-000157-SLG, *Polty v. Goldstein, et al.*
Order of Dismissal
Page 3 of 5

which may limit Plaintiff's ability to bring future civil rights cases in federal court.

## THE THREE STRIKES RULE

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[11] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[12] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[13] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[14] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[15]

---

amend based on judicial immunity).

[11] 28 U.S.C. § 1915(g).

[12] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[13] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[14] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[15] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the

Case No. 3:26-cv-000157-SLG, *Polty v. Goldstein, et al.*
Order of Dismissal
Page 4 of 5

**IT IS THEREFORE ORDERED:**

1.  This case is **DISMISSED for failing to state a plausible claim.**

2.  This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

3.  All pending motions are **DENIED as moot.**

4.  The Clerk shall issue a final judgment and close this case.

DATED this 12th day of May, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

danger existed at the time the prisoner filed the complaint.").

Case No. 3:26-cv-000157-SLG, *Polty v. Goldstein, et al.*
Order of Dismissal
Page 5 of 5